UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY CHARLES NUGENT,

Plaintiff,

v.

SARGENT, *et al.*,

Defendants.

Case No. 2:23-cv-01017-JDP (PC)

ORDER

Plaintiff brings this section 1983 case against defendants alleging that defendants violated her[1] rights by failing to adequately respond to an attack on her by another inmate. ECF No. 1 at 4. Her Eighth Amendment claims against defendants Sargent, Hueng, Laughlin, and Links for failing to protect her are viable. Her other claims are not, for the reasons stated below. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

[1] Plaintiff identifies as a transgender woman. ECF No. 1 at 4.

## Screening Order

### I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Analysis

Plaintiff alleges that on July 14, 2020, she was attacked and stabbed by another inmate while on the recreation yard. ECF No. 1 at 4. She claims that, despite the severity of the attack, defendants Sargent, Hueng, Laughlin, Links, and Doe # 2 watched the attack for a time and, once they moved to intervene, did so without urgency. *Id.* Plaintiff alleges that these defendants' reluctance to intervene stemmed from their antipathy towards transgender people. *Id.* These allegations are sufficient to state an Eighth Amendment failure to protect claim against Sargent, Hueng, Laughlin, Links, and Doe # 2. By contrast, plaintiff's allegation against Doe # 1 are non-cognizable. She alleges that, after the attack began, this defendant issued a call from the observation tower for all inmates to get down. *Id.* This call was "waved off" by the other defendants, however. *Id.* Given that this defendant was in the tower and not otherwise positioned to intervene, I find that no failure to protect claim can be sustained against him or her.

Next, plaintiff alleges that after the attack, she was medically examined by defendant Puckett, a nurse. *Id.* at 6. She alleges that Puckett minimized the severity of her injuries and applied only anti-septic ointment and bandages. *Id.* Plaintiff alleges that because of Puckett's deliberate indifference, she sustained permanent scarring to her face. *Id.* Her allegations are non-cognizable because she does not explain how Puckett's action or inaction caused her facial scarring. Indeed, there is no allegation that such scarring was preventable with a different course of treatment.

Finally, plaintiff alleges that defendant Hobbs, a correctional captain, attempted to cover up his subordinates' failure to protect by failing to follow various prison procedures after the attack. A failure to follow prison policy, even if that failure stems from dishonest or unprofessional motives, does not give rise to a constitutional violation, however. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009).

Plaintiff may either proceed only with her Eighth Amendment claims against defendants Sargent, Hueng, Laughlin, Links, and Doe # 2,[2] or she may file another amended complaint. She

---

[2] Doe # 2 cannot be served, however, until he or she is identified.

is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Within thirty days from the service of this order, plaintiff must either indicate her desire to proceed only with the claims identified above as cognizable or she must submit an amended complaint. If she fails to do either, I may recommend that this action be dismissed for failure to prosecute.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: September 19, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE